**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO.:**

**NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER,**
**Plaintiff,**

**v.**

**ARNOLD M. KUNIAN, INDIVIDUALLY, AND AS EXECUTOR AND PERSONAL REPRESENTATIVE OF THE ESTATE OF LOUIS A. KUNIAN; DELTA FUNDING CORPORATION; AND CITIZENS BANK OF MASSACHUSETTS,**
**Defendants,**

# VERIFIED COMPLAINT

## I. PARTIES

1. Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") is a limited liability company organized under the laws of Delaware with its headquarters at 8950 Cypress Water Blvd., Coppell, TX 75019.[1]

2. Upon information and belief, Louis A. Kunian ("L. Kunian") was the former owner of the property located at 177 Perham Street, West Roxbury, MA (the "Property") and passed away on February 28, 2017.

3. Upon information and belief, Arnold M. Kunian ("A. Kunian") is the Executor and Personal Representative of the Estate of Louis A. Kunian, with a mailing address of 177 Perham Street, W. Roxbury, MA.

[1] Nationstar is an indirect, wholly-owned subsidiary of Nationstar Holdings, Inc., a Delaware Corporation. Nationstar is directly owned by its members, which are Nationstar Sub I, LLC and Nationstar Sub II, LLC. Nationstar Sub I, LLC and Nationstar Sub 2, LLC are limited liability companies organized under the laws of Delaware and are both wholly owned by NSM Holdings. NSM Holdings is publicly traded on the New York Stock Exchange under the ticker symbol NSM.

4. Delta Funding Corporation ("Delta") is a foreign corporation, organized under the laws of the State of New York, with a principal place of business located at 1000 Woodbury Road, Woodbury, NY 11797.

5. Citizens Bank of Massachusetts ("Citizens") is a national banking institution, organized and existing under the laws of the United States of America, with its principal place of business located at One Citizens Plaza, Providence, RI 02903.

6. The subject of this matter is 177 Perham Street, W. Roxbury, MA 02132 (the Property").

## II. JURISDICTION

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1)(Diversity) because the Plaintiff and Defendants are citizens of different states.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the subject of this matter is the mortgage loan currently serviced by Nationstar, on behalf of the owner of the loan, Federal National Mortgage Association ("Fannie Mae"), in which the deceased Defendant is the obligor/mortgagor and the total amount due is in excess of Two Hundred Sixty-Three Thousand Seven Hundred Ninety-Six and 62/100 ($263,796.62) dollars, thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand and 00/100 ($75,000.00) dollars.

## III. VENUE

9. Venue is properly exercised pursuant to 28 U.S.C. § 1931(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Massachusetts and the Property is located in Massachusetts.

## IV. FACTS

10. The Property was conveyed from Louis A. Kunian Trustee of 177 Perham Street Realty Trust to L. Kunian, by virtue of a Quitclaim Deed, dated August 27, 1997, and recorded at the Suffolk County Registry of Deeds in Book 21699, Page 155.[2]

11. L. Kunian gave a First Mortgage on the Property in the amount of Sixty-Nine Thousand and 00/100 ($69,000.00) dollars to Choice Mortgage Corp. USA ("Choice"), dated August 26, 1997, and recorded at the Suffolk County Registry of Deeds in Book 21699, Page 157 ("Choice Mortgage").[3]

12. The Choice Mortgage was assigned to Delta, by virtue of an Assignment of Mortgage, dated August 27, 1997, and recorded at the Suffolk County Registry of Deeds in Book 21699, Page 166 ("Delta Assignment").[4]

13. On December 17, 2007, Delta filed for protection under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the District of Delaware, Case No. 07-11881.

14. The Choice Mortgage remains outstanding of record on title to the Property.

15. L. Kunian gave a Mortgage on the Property in the amount of Thirty-Five Thousand and 00/100 ($35,000.00) dollars to Citizens dated August 5, 2004, recorded in Book 35314, Page 10 ("the Citizens Mortgage").[5]

---

[2] *See* Exhibit A (a true and correct copy of the Quitclaim Deed is attached hereto and incorporated herein).
[3] *See* Exhibit B (a true and correct copy of the Choice Mortgage is attached hereto and incorporated herein).
[4] *See* Exhibit C (a true and correct copy of the Delta Assignment is attached hereto and incorporated herein).
[5] *See* Exhibit D (a true and correct copy of the Citizens Mortgage is attached hereto and incorporated herein).

16. On February 28, 2005, Kunian executed and delivered a Promissory Note in the amount of Three Hundred Thousand Eight Hundred and 00/100 ($300,800.00) dollars to Drew Mortgage Associates, Inc. ("Kunian Note").[6]

17. To secure the Note obligation, on February 28, 2005, Kunian gave a Mortgage on the Property to Mortgage Electronic Registration Systems, Inc., ("MERS") as nominee for Drew Mortgage Associates, Inc., dated February 28, 2005, recorded at the Suffolk County Registry of Deeds on March 2, 2005 in Book 36582, Page 47 ("Kunian Mortgage").[7]

18. Pursuant to Exhibit G, the Drew Mortgage Settlement Statement, the Citizens Mortgage was to be paid in full out of the proceeds of the 2005 Kunian Mortgage Loan.[8]

19. Upon information and belief, the Citizens Mortgage Loan was paid off.[9]

20. Nationstar is unable to get a discharge of the Citizens Mortgage.

21. There is no mention of an outstanding debt on the Drew Mortgage Settlement Statement.

22. Since the other outstanding loans on the Property were paid in full at this closing, if the Delta Mortgage had an outstanding balance, Drew Mortgage would presumably have also required a payoff of the Delta Mortgage, so that it lien would be in first position.[10]

23. Nevertheless, as a result of Delta's Chapter 11 Bankruptcy, Nationstar is unable to obtain a discharge of the Delta Mortgage.

24. On April 1, 2010, L. Kunian entered into a Loan Modification Agreement with AmTrust Bank, a Division of New York Community Bank.[11]

---

[6] *See* Exhibit E (a true and correct copy of the Kunian Note is attached hereto and incorporated herein).
[7] *See* Exhibit F (a true and correct copy of the Kunian Mortgage is attached hereto and incorporated herein).
[8] *See* Exhibit G (a true and correct copy of the Drew Mortgage Settlement Statement is attached hereto and incorporated herein).
[9] *See* Exhibit G.
[10] *See* Exhibit G.
[11] *See* Exhibits H (a true and correct copy of the Loan Modification is attached hereto and incorporated herein).

25. L. Kunian defaulted under the terms of his modified mortgage loan and was due for the June 1, 2014, payment and all subsequent.[12]

26. As a result of L. Kunian's default, on December 4, 2013, Nationstar sent L. Kunian a 150-day Notice of Right to Cure and Notice of Right to Request a Modified Mortgage Loan pursuant to G.L. c. 244, §§ 35A & 35B, as well as the terms of the Kunian Mortgage Loan Contract.[13]

27. The Kunian Mortgage was assigned from MERS to Nationstar by virtue of an Assignment of Mortgage dated September 23, 2013, and recorded at the Suffolk County Registry of Deeds on October 2, 2013, in Book 52192, Page 308 ("Nationstar Assignment").[14]

28. Nationstar is the true and lawful mortgagee of the Kunian Mortgage.[15]

29. L. Kunian failed to cure his default by June 1, 2014, the expiration date of the 150-day Notice of Right to Cure.[16]

30. On June 4, 2014, Nationstar filed a Complaint to satisfy the Servicemembers Civil Relief Act with the Massachusetts Land Court.[17]

31. On August 25, 2014, as evidence of full compliance with the provisions of the Servicemembers Civil Relief act and that L. Kunian was not entitled to the benefits of the Act, Judgment issued from the Massachusetts Land Court.[18]

---

[12] *See* Exhibit I (a true and correct copy of the Section 35A & 35B Notice is attached hereto and incorporated herein).
[13] *See* Exhibit I.
[14] *See* Exhibit J (a true and correct copy of the Nationstar Assignment is attached hereto and incorporated herein).
[15] *See* Exhibits J.
[16] *See* Exhibit I.
[17] *See* Exhibit K (a true and correct copy of the Land Court Docket is attached hereto and incorporated herein).
[18] *See* Exhibit K.

32. On September 29, 2014, an Affidavit regarding Note Secured by a Mortgage to be Foreclosed was recorded at the Suffolk County Registry of Deeds in Book 53528, Page 3 ("Pre-Foreclosure Noteholder Affidavit").[19]

33. Nationstar is the authorized agent acting on behalf of Fannie Mae, the holder and owner of the Kunian Note.[20]

34. On March 6, 2015, L. Kunian filed a petition for relief under Chapter 13 of the United States Bankruptcy Code as case No. 15-10821.[21]

35. On April 1, 2015, L. Kunian's Chapter 13 bankruptcy was dismissed.[22]

36. On June 17, 2015, L. Kunian filed a second petition for relief under Chapter 13 of the United States Bankruptcy Code as case No. 15-12404.[23]

37. On January 7, 2016, L. Kunian's Chapter 13 bankruptcy was converted to Chapter 11.[24]

38. On January 27, 2016, L. Kunian's Chapter 11 bankruptcy was converted to Chapter 7.[25]

39. On May 13, 2016, L. Kunian received a discharge of his Chapter 7 bankruptcy.[26]

40. Kunian's Chapter 7 Bankruptcy was terminated on May 20, 2016.[27]

41. Kunian passed away on February 28, 2017.

42. On April 26, 2017, A. Kunian was appointed Executor and Personal Representative of the Estate of Louis A. Kunian.[28]

---

[19] *See* Exhibit L (a true and correct copy of the Pre-Foreclosure Noteholder Affidavit is attached hereto and incorporated herein).
[20] *See* Exhibit E.
[21] *See* Exhibit M (a true and correct copy of the Docket for Bankruptcy Case No. 15-10821 is attached hereto and incorporated herein).
[22] *See* Exhibit M.
[23] *See* Exhibit N (a true and correct copy of the Docket for Bankruptcy Case No. 15-12404 is attached hereto and incorporated herein).
[24] *See* Exhibit N.
[25] *See* Exhibit N.
[26] *See* Exhibit N.
[27] *See* Exhibit N.
[28] *See* Exhibit O (a true and correct copy of the Appointment of Executor is attached hereto and incorporated herein).

43. On October 12, 2017, a search of the Department of Defense Manpower Data Center showed that A. Kunian is not currently on active duty with the United States Military.[29]

**COUNT I – QUIET TITLE**
**DISCHARGE OF PRIOR MORTGAGES ON TITLE TO THE PROPERTY**

44. Nationstar repeats and re-alleges paragraphs 1 through 43 as if fully set forth herein.

45. On December 17, 2007, Delta Financial Corp. and its related subsidiaries, including Delta Funding Corporation, filed a petition for relief under Chapter 11 of the United States Bankruptcy Code as case No. 07-11880.

46. As a result of Delta's Chapter 11 bankruptcy filing, Nationstar has been unable to obtain a discharge of the Choice Mortgage assigned to Delta.[30]

47. Upon information and belief, the Delta Mortgage was paid in full as the Drew Mortgage settlement statement is the document typically used at the closing of a new first position residential mortgage, and the Delta Mortgage is not shown on this document as having a balance outstanding.

48. Upon information and belief, the Citizens Mortgage Loan was paid in full as evidenced on the Drew Mortgage Settlement Statement.[31]

49. Nationstar has been unable to get a discharge of the Citizens Mortgage loan.

50. The two prior Mortgages to Delta and Citizens represent a cloud on the Kunian title to the Property.

51. The Delta and Citizens Mortgage loans should be discharged *nunc pro tunc to* reflect clear title.

---

[29] *See* Exhibit P (a true and correct copy of the SCRA Search is attached hereto and incorporated herein).
[30] *See* Exhibits B & C.
[31] *See* Exhibit G.

**COUNT II – BREACH OF CONTRACT**

52. Nationstar repeats and re-alleges paragraphs 1 through 51 as if fully set forth herein.

53. Nationstar is the true and lawful assignee of the Kunian Mortgage.[32]

54. Nationstar is the servicer and authorized agent acting on behalf of Fannie Mae the holder/owner of the Kunian Note.[33]

55. L. Kunian defaulted under the terms of the Note and Mortgage and was due for the August 1, 2013, payment and all subsequent payments due thereunder.[34]

56. L. Kunian failed to cure the default by June 1, 2014, the expiration date of the 150-Day Notice of Right to Cure.[35]

57. L. Kunian's default constitutes a breach of the mortgage loan contract.

58. Injustice can only be avoided by awarding damages, interest, plus costs and expenses, including attorney's fees.

**COUNT III – SERVICEMEMBERS CIVIL RELIEF ACT**

59. Nationstar repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. A search of the Department of Defense Manpower Data Center online records on July 14, 2017, indicates that A. Kunian is not currently on active duty with the United States Military; and, as such, is not entitled to the benefits of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 (*et seq.*).[36]

**COUNT IV - CONDITIONAL JUDGMENT**

61. Nationstar repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

---

[32] *See* Exhibit E.
[33] *See* Exhibit I.
[34] *See* Exhibit I.
[35] *See* Exhibit G.
[36] *See* Exhibit P.

62. L. Kunian defaulted on his loan obligation and was due for the June 1, 2014, payment and all subsequent payments under the terms of the Kunian Mortgage Loan.[37]

63. L. Kunian's default constitutes a breach of the mortgage loan contract.

64. Nationstar is the true and lawful assignee of the Kunian Mortgage.[38]

65. Nationstar is the servicer and authorized agent acting on behalf of Fannie Mae the holder/owner of the Kunian Note.[39]

66. Nationstar is entitled to ownership and possession of the Property due to L. Kunian's breach of contract.[40]

67. Pursuant to G.L. c. 244, § 3, this Court should award a conditional judgment in favor of Nationstar due to L. Kunian's breach of conditions of the mortgage loan contract.

**COUNT V– FORECLOSURE**

68. Nationstar repeats and re-alleges paragraphs 1 through 67 as if fully set forth herein.

69. Nationstar alleges on information and belief that L. Kunian was the only person holding the equity of redemption of the Property covered by the Kunian Mortgage so far as appears of record in the Registry.

70. L. Kunian is in default under the terms of the Kunian Mortgage Loan, due to his failure to make the June 1, 2014, payment and all subsequent payments due thereunder.[41]

71. On December 4, 2013, Nationstar sent L. Kunian a 150-day Notice of Right to Cure and a Notice of Right to Request a Modified Mortgage Loan pursuant to G.L. c. 244, §§ 35A & 35B, as well as the terms of the Kunian Mortgage.[42]

---

[37] *See* Exhibit I.
[38] *See* Exhibit J.
[39] *See* Exhibit E.
[40] *See* Exhibits E, F & H.

[41] *See* Exhibits E, F, & L.
[42] *See* Exhibits. F & L.

72. The 150-day Notice of Right to Cure expired on May 3, 2014.[43]

73. L. Kunian failed to cure his default prior to the expiration of the Notice of Right to Cure.[44]

74. Nationstar is the mortgagee of the Kunian Mortgage and the authorized agent acting on behalf of the holder and owner of the Kunian Note.[45]

75. Pursuant to G.L. c. 183, § 21 and the terms of the Kunian Mortgage, Nationstar seeks to proceed with a foreclosure sale of the Property to protect its interest as secured thereby for breach of the conditions thereof.

76. Pursuant to G.L. c. 244, § 11, upon entering a conditional judgment in favor of Nationstar, the Court should order the Property sold pursuant to G.L. c. 183, §21, and the terms of the Kunian Mortgage.

**COUNT VI – POSSESSION**

77. Nationstar repeats and re-alleges paragraphs 1 through 76 as if fully set forth herein.

78. L. Kunian's right to possession of the Property will be terminated upon the foreclosure of the equity of redemption of the Kunian Mortgage.

79. If Nationstar is the successful bidder at the foreclosure sale, a Judgment of Possession in favor of Nationstar should issue forthwith following the execution of the Memorandum of Terms at the foreclosure sale.

WHEREFORE, Nationstar requests that this Court:

1) Issue an Order in recordable form discharging the Delta Mortgage loan;

2) Issue an Order in recordable form discharging the Citizens Mortgage loan;

---

[43] *See* Exhibit L.
[44] *See* Exhibit L.
[45] *See* Exhibit E.

3) Find that L. Kunian is in breach of the terms of the Kunian Mortgage Loan Contract;

4) Find that A. Kunian is not on active duty with the United States Military or otherwise entitled to the benefits of the Servicemembers Civil Relief Act;

5) Enter a Conditional Judgment in favor of Nationstar;

6) Order the Property sold pursuant to G.L. c. 183, § 21, and the terms of the Kunian Mortgage;

7) Find that Nationstar will be entitled to Possession of the Property upon purchasing the Property at its foreclosure sale; and

8) Such further relief that the Court deems just and necessary.

Respectfully Submitted,
Nationstar Mortgage LLC d/b/a Mr. Cooper,
By and through its counsel,

Dated: November 10, 2017

/s/ Elizabeth W. Dailey, Esq.
Elizabeth W. Dailey, Esq. (BBO #562178)
Reneau J. Longoria, Esq. (BBO #635118)
John A. Doonan, Esq. (BBO #547838)
Brian Linehan, Esq. (BBO #690437)
Patrick Beaton, Esq. (BBO #661215)
Doonan, Graves and Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
Tel. (978) 921-2670
bd@dgandl.com

**VERIFICATION**

STATE OF TEXAS)
COUNTY OF DENTON)

I, Carol Davis, being duly sworn, state:

I am a representative of Nationstar Mortgage LLC d/b/a Mr. Cooper, the above named Plaintiff in this action. I have read the Verified Complaint, am familiar with the contents thereof, and do thereby state that the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

By: Carol Davis 10-23-2017
Carol Davis
its: Document Execution Associate

---

State of Texas)
County of Denton)

On this 23rd day of October 2017, before me, the undersigned notary public, personally appeared Carol Davis, who proved to me through satisfactory evidence of identification which was personally known to be the person whose name is signed on the preceding or attached document, and acknowledged that she signed it voluntarily for its stated purpose.

DAVID ANDREWS JR
Notary Public, State of Texas
Comm. Expires 06-22-2019
Notary ID 130268538

Name: David Andrews Jr.
Notary Public
My Commission expires: June 22, 2019